**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 11-cv-03072-RM-BNB

VALERIE ANNE SCHLECHT,

      Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,

      Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on the Magistrate Judge's Recommendation on

Defendant's Motion for Summary Judgment ("Recommendation") (ECF No. 121), Plaintiff's

Objections to the Recommendation of the United States Magistrate Judge (ECF No. 126), and

Plaintiff's Motion for Leave to Supplement Her Objections to the Recommendation of the

United States Magistrate Judge (ECF No. 127).  Both the Recommendation and the objections

pertain to Defendant Lockheed Martin Corporation's ("LMC") Motion for Summary Judgment

(ECF No. 90) on each of *pro se* Plaintiff Valerie Schlecht's ("Schlecht") various claims under

the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-213.

For the reasons stated below, the Court AFFIRMS and ADOPTS the Recommendation,

OVERRULES Plaintiff's objections, and GRANTS Defendant's Motion for Summary Judgment.

# I. LEGAL STANDARDS

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569-70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.,* 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). The facts must be considered in the light most favorable to the nonmoving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21

(1972).  The Court, however, cannot serve as a *pro se* litigant's advocate and make arguments

for her.  *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013); *Yang v.*

*Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## II.  PROCEDURAL BACKGROUND

On November 23, 2011, Plaintiff filed a four-count complaint against Defendant alleging

ADA violations.  (ECF No. 1, Compl.)  On April 8, 2013, Defendant moved for summary

judgment on each of Plaintiff's claims.  (ECF No. 90.)  On December 9, 2013, Magistrate Judge

Boland issued the Recommendation in favor of summary judgment.  (ECF No. 121.)  The

Recommendation advised the parties that specific written objections were due within fourteen

days after being served with a copy of the Recommendation. (ECF No. 121 at 15 n.4.)

On December 20, 2013, Plaintiff filed a motion for extension of time to file objections to

the Recommendation.  (ECF No. 122.)  The Court granted Plaintiff's motion.  (ECF No. 123.)

On January 1, 2014, Plaintiff filed a second motion for extension of time to file objections to the

Recommendation.  (ECF No. 124.)  On January 2, 2014, with her second motion for an extension

of time to file objections to the Recommendation pending, Plaintiff filed objections to the

Recommendation.  (ECF No. 126.)  On January 13, 2014, Plaintiff filed a motion to supplement

her objections to the Recommendation which contained additional objections to certain of the

Magistrate Judge's factual findings.  (ECF No. 127.)  On March 25, 2014, the Court granted

Plaintiff's second motion for extension of time to file objections and granted Plaintiff's motion to

supplement her objections.  (ECF Nos. 133 & 134.)

On January 16, 2014, Defendant filed a response to Plaintiff's original objections to the

Recommendation.  (ECF No. 128.)  On April 7, 2014, Defendant filed a response to Plaintiff's

supplemental objections.  (ECF No. 135.)

## III.  FACTUAL BACKGROUND

Plaintiff purports to object to certain factual findings by the Magistrate Judge.  (ECF No. 127 at 3-7.)  However, most of these objections suffer from the same host of infirmities as affected her responses to the summary judgment motion.[1]  Accordingly, to the extent Plaintiff does not object properly to facts[2], the Court adopts and incorporates the Undisputed Material Facts of the Recommendation (ECF No. 121 at 3-8) as if set forth herein.  To the extent any additional facts are necessary for the Court's resolution of the summary judgment motion, such facts are set forth in the analysis section below.

## IV.  ANALYSIS

The Court has reviewed the Recommendation, objections to the Recommendation and responses, as well as the relevant motions and responses.  The Court concludes that Magistrate Judge Boland thoroughly analyzed the issues and reached correct conclusions.  Magistrate Judge

---

[1] Plaintiff's responses to Defendant's statement of facts did not conform to the Federal Rules of Civil Procedure. (*See* ECF No. 103 at 1-13.)  Plaintiff "admit[ed] with clarification," "denie[d]," or "disagree[d]" with many of the Defendant's facts.  (*See* ECF No. 103 at 1-13.)  But Plaintiff did not always provide evidence to support her version of the material facts.  The Magistrate Judge properly considered as undisputed Defendant's statements of fact that were material and not disputed with competent evidence.  Fed. R. Civ. P. 56(e)(2).  Further, the Magistrate Judge properly did not consider Plaintiff's statements of fact that were either immaterial or not supported with competent evidence.  *See* Fed. R. Civ. P. 56(c).  Additionally, Plaintiff attached nineteen (19) exhibits in support of her brief in opposition to Defendant's summary judgment motion.  (ECF Nos. 104-13.)  The exhibits, as held by the Magistrate Judge, were not labeled in an organized fashion.  (ECF No. 121 at 3 n.2.)  Plaintiff admits that her response in opposition to Defendant's motion for summary judgment "did not adequately cite to the record, supplement the record, or dispute many of the Defendant's 'facts' or its citations, some of which do not 'support the proposition.'" (ECF No. 126 at 2 n.2.)  It is not the Court's obligation to identify factual support or construct legal arguments for Plaintiff.  *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1325 (10th Cir. 1987) (citations omitted) (holding that "[o]nce a party moving for summary judgment has met his initial burden, the party resisting the motion cannot rest on his pleadings" but rather the party opposing the motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered).

[2] With the exception of Plaintiff's supplemental objection to Number 16 of the Magistrate Judge's Statement of Undisputed Facts, none are material or supported by the record.  (*See* ECF No. 127 at 3-7.)  With regard to Plaintiff's supplemental objection to Number 16 of the Magistrate Judge's Statement of Undisputed Facts, Plaintiff supplies no competent evidence which supports her argument that a genuine dispute exists as to whether Plaintiff's employment position, along with that of others, was at a minimum eliminated due to a lack of billable work for her position.  (ECF No. 90-4 at ¶¶ 12-13, Aff. of Francis Moore.)

Boland recommended that summary judgment be granted for Defendant on Plaintiff's ADA claims alleging (1) a failure to accommodate (ECF No. 1 at 3-5); (2) a hostile work environment (ECF No. 1 at 6-7); (3) retaliation (ECF No. 1 at 8-9); and (4) discriminatory termination (ECF No. 1 at 10-11.)  Plaintiff objects to each of these recommendations.  (ECF No. 126.)

### A.      Failure to Accommodate

The Magistrate Judge recommended summary judgment in Defendant's favor on Plaintiff's failure to accommodate claim because she (1) failed to present any evidence that she requested an *accommodation* that LMC engage only in written communication with her; and (2) she failed to request an *assurance* that she receive advance notice of a wage garnishment as opposed to *actual* advanced notice.  (ECF No. 121 at 8-11.)

To set forth a *prima facie* case of a failure to accommodate claim, a plaintiff must show that:  (1) he/she is a qualified individual with a disability; (2) the employer was aware of the individual's disability; and (3) the employer failed to accommodate reasonably the disability. *Allen v. SouthCrest Hosp.*, Case No. 11-5016, 455 Fed. App'x., 827, 830 n.2 (10th Cir. 2011) (unpublished); *McNeil v. Wells Fargo Bank, N.A.*, Case No. 12-CV-02064, 2013 WL 6499796, at *6 n.6 (D. Colo. Dec. 11, 2013).  The only element of Plaintiff's *prima facie* case in dispute, for purposes of reviewing the Magistrate Judge's Recommendation, is whether Defendant refused a request for an accommodation made by Plaintiff.  (ECF Nos. 121, 126-29, 135-36.)

Plaintiff's "failure to accommodate" claim under the ADA is subject to the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (hereinafter "*McDonnell Douglas*").  *See Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1178 (10th Cir. 1999) (en banc).  Under this framework,

the employee initially bears the burden of production with respect to a *prima facie* case of failure to accommodate.  If the employee produces evidence sufficient to make a facial showing on his or her *prima facie* case, the burden of production shifts to the employer to present evidence either (1) conclusively rebutting one or more elements of plaintiff's *prima facie* case or (2) establishing an affirmative defense.  If the employer does either of the above, summary judgment will be appropriate for the employer unless the employee then presents evidence establishing a genuine dispute regarding the affirmative defenses and/or rehabilitating any challenged elements of his or her *prima facie* case sufficiently to establish at least a genuine dispute of material fact as to such challenged elements.

*McNeil*, 2013 WL 6499796 at *6 (internal quotation and citation omitted).

The Recommendation concluded that Plaintiff failed to establish a *prima facie* case for a failure to accommodate.  Plaintiff requested that her employer communicate with her only in writing—primarily with respect to garnishment of her wages but also with respect to limited other matters as well.  But the Magistrate Judge noted, preliminarily, that Plaintiff had not requested written communications from her employer in order to accommodate a disability.  Plaintiff's objection attempts to take issue with the Magistrate Judge's determination by focusing on a December 22, 2009 e-mail (ECF No. 104 at 47-48) which Plaintiff quotes as stating: "Please send me a written response, either via email or to my home address.  My concern is that I need further surgery."[3]  (ECF No. 126 at 3.)

By this language, Plaintiff suggests that her requests for communications in writing were sufficiently tied to a medical condition so as to be appropriately characterized as necessary to accommodate a disability.  Plaintiff's objection is devoid of merit.

---

[3] In her objection to the Magistrate Judge's Recommendation, Plaintiff also argues that she "re-iterated this request during her phone conversation with Ms. Campbell on April 28, 2010."  (ECF No. 126 at 4.)  Plaintiff provides no competent evidence in support of her argument.  This Court is not required to consider Plaintiff's unsubstantiated "fact."

The request for an accommodation "does not have to be in writing…or formally invoke the magic words reasonable accommodation, it nonetheless must make clear that the employee wants assistance for … her disability." *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1049 (10th Cir. 2011) (internal quotation and citation omitted) (hereinafter "*Watson*"); *accord EEOC v. Abercrombie & Fitch Stores, Inc.*, 731 F.3d 1106, 1141-42 (10th Cir. 2013). In *Watson*, the plaintiff made a fleeting reference to his need to see his "doctor" without reference to his alleged disability. *Watson*, 644 F.3d at 1050. The Tenth Circuit Court of Appeals held that the plaintiff's accommodation claim failed because he did not make an adequate request for a reasonable accommodation regarding his alleged disability. *Id*. at 1049. Similarly, in this case, Plaintiff's requests to her employer did not state that she needed an accommodation *due to her disability*.

Plaintiff's attempt to avoid this conclusion by referring to a portion of one e-mail fails on multiple levels. First, a reference to a concern for a need for a future surgery is simply not the equivalent of having a disability and requesting an accommodation for that disability. Second, the disabilities alleged in the Complaint are attention deficit and anxiety disorder which have no reasonable connection with surgical needs. And finally, Plaintiff's e-mail, in full text, disproves her own theory. Plaintiff's December 2009 e-mail stated that her alleged need for a "written" communication was due to her request being "time-sensitive, and [thus she] cannot wait for a meeting." (ECF No. 104 at 47-48.)

Because Plaintiff failed to make an adequate request for an accommodation due to a disability, Defendant's obligation to provide an accommodation was never triggered. Therefore,

summary judgment is proper for Defendant with regard to Plaintiff's alleged need for written communications with her employer as an accommodation.

The Magistrate Judge, however, went further and also determined that Plaintiff's accommodation request for "notice" of garnishment is moot. Plaintiff objects to this determination as well. (ECF No. 126 at 4.)

The Magistrate Judge held that the record did not demonstrate that Plaintiff's requested accommodation was for a present assurance that she would thereafter be notified in advance, before an actual reduction of her paycheck, if her employer received any future requests for garnishment. Instead, he interpreted the record – correctly – as Plaintiff's requesting only actual advance notice. In other words, if a garnishment request were ever made in the future to LMC, then LMC was being asked to provide Plaintiff at that time with notice of the occurrence of such request before her paycheck was reduced. Since no further garnishment requests were received by LMC during the remainder of Plaintiff's employment, and since LMC no longer employs Plaintiff, the Magistrate Judge concluded that this aspect of her claim is moot.

Plaintiff's objection is less than a model of clarity. She does not directly confront the determination that her requested accommodation was properly construed as a request for actual notice if and when LMC received a future garnishment request. She points the Court to no evidentiary basis in the record for interpreting her request as one for an assurance. Instead, she makes reference to a fact contained in an LMC exhibit but not previously raised in opposition to

the motion for summary judgment[4] and tries to explain to the Court why an assurance

accommodation would have relieved her anxiety and fear.

   Neither of these approaches takes issue with the core of the Magistrate Judge's

Recommendation.  And the Court agrees with the Magistrate Judge's interpretation of Plaintiff's

requests.  Nonetheless, because Plaintiff is proceeding *pro se*, the Court will proceed to analyze

her claim as though Plaintiff sought an *assurance* from her former employer regarding future

garnishments.  Under this view, Plaintiff's claim would likely not be moot; nevertheless,

Defendant would remain entitled to summary judgment.

   The doctrine of mootness is an aspect of Article III's case or controversy requirement.  A

case becomes moot when the issues involved are no longer "live" or the parties have no personal

stake in the outcome. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96 (1980).

In practical terms, a plaintiff's claim is moot if no reasonable expectation that the alleged

violation will recur exists and interim events have eliminated the effects of the alleged violation.

*Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) (citation

omitted).  In this case, while there may not exist a reasonable expectation that the alleged

violation will recur since Defendant no longer employs Plaintiff, interim events have not

eliminated the effect of Defendant's alleged past failure to accommodate her request.  Thus, her

claim is not moot.

   In support of Defendant's argument that Plaintiff's claim is moot, Defendant relied upon

*Bartling v. Wal-Mart Stores, Inc.*, Case No. 10 CV 00708, 2012 WL 2327810, at *8-9 (D. Utah

---

[4] Plaintiff, in her Objection, raises for the first time a claim that LMC's alleged failure to accommodate her disability while employed is not moot because she still "receives a small pension from the Defendant."  (ECF No. 126 at 4.) The Court does not address whether Plaintiff waived this argument by not submitting it in opposition to Defendant's motion for summary judgment because the Court will analyze her failure to accommodate claim as if it were not moot for purposes of reviewing the Recommendation.

June 19, 2012). *Bartling* is distinguishable from this case because in *Bartling* (1) the defendant took action which remedied the plaintiff's request that he not be required to be wear a smock (*id.* at *8); (2) the defendant did not prohibit the plaintiff from having his requested accommodation of a non-water beverage on the sales floor (*id.*); and (3) the defendant granted the plaintiff's accommodation request for a flexible start time (*id.* at *9). Here, Defendant took no action to satisfy the "requested" accommodations.

Regardless of mootness, however, Defendant is entitled to summary judgment because it is undisputed with any competent evidence that accommodating Plaintiff's requests would have posed an undue hardship. *See Filar v. Bd. of Educ. of City of Chi.*, 526 F.3d 1054, 1068 (7th Cir. 2008) (granting summary judgment for the employer because the administrative burden posed by the employee's request for an accommodation would have been prohibitively weighty); *see also Smith*, 180 F.3d at 1179 (setting forth the burden-shifting framework which holds that if an employer demonstrates that an employee's accommodation request poses an undue hardship, the plaintiff then has the burden to demonstrate a factual dispute as to this defense).

Under the ADA, a request for a reasonable accommodation may not pose an undue hardship on an employer. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.15(d). "The plaintiff must make a *prima facie* showing 'that the accommodation is reasonable in the sense both of efficacious and proportional to costs." *Filar*, 526 F.3d at 1068 (quoting *Oconomowoc Residential Programs, Inc. v. City of Milwaukee*, 300 F.3d 775, 784 (7th Cir. 2002)). In this case, Plaintiff did not make her *prima facie* case. The Magistrate Judge found that "only two employees were responsible for processing approximately 3,373 court orders per week for 140,000 LMC employees in 2009, and they did not have a way to single out one employee and

guarantee that they would provide her with additional notice above and beyond what is required by state law." (ECF No. 121 at 7.)

Plaintiff did not dispute this fact, with competent evidence, in opposition to Defendant's motion for summary judgment. (*Compare* ECF No. 90 at 6 *with* ECF No. 103 at 9.) Plaintiff, in her "Motion for Leave to Supplement Her Objections to the Recommendation of United State[s] Magistrate Judge," states that it was LMC's practice to "set [garnishment orders] up in a computer system." (ECF No. 127 at 6.) This assertion, however, is not substantiated by competent evidence nor does it show how her request for an accommodation is efficacious and proportional to costs. (*See* ECF No. 127-3 at 1, E-Mail from Rhonda Bolender to Diana Ceto (Aug. 27, 2009, 8:45 AM).) Further, Plaintiff, in her supplemental objections, requests that the Court take notice that if LMC received new garnishment orders each week, it would be in receipt of more garnishment orders each year than the number of LMC employees. (ECF No. 127 at 6.) It is not clear how this "fact" supports Plaintiff's argument, and the Court is not required to construct a legal argument for Plaintiff.

Alternatively, Defendant never refused to accommodate Plaintiff with respect to the garnishment issue. As the ADA requires, 29 C.F.R. § 1630.2(o)(3), here the parties engaged in the interactive process to identify a reasonable accommodation that would satisfy Plaintiff's need without posing an undue hardship on Defendant. (*Compare* ECF No. 90 at 4-7 *with* ECF No. 103 at 5-10 (statements of fact demonstrating that the parties engaged each other concerning Plaintiff's request for an accommodation related to her requests for future garnishments).) Plaintiff admits that as of January 7, 2010, Defendant continued to work on her requests. (ECF No. 103 at 7-8.) In opposition to Defendant's motion for summary judgment, Plaintiff does not

11

argue, nor does the Court make the argument for her, that the time to process her request for an accommodation constituted a discriminatory act. *See Selenke v. Medical Imaging of Colo.*, 248 F.3d 1249, 1262-63 (10th Cir. 2001) (holding that the following factors are relevant in considering such a claim: "the length of the delay, the reasons for the delay, whether the employer has offered any alternative accommodations while evaluating a particular request, and whether the employer has acted in good faith.")

Accordingly, summary judgment is appropriate for Defendant on Plaintiff's failure to accommodate claim.

### B.    Hostile Work Environment

The Magistrate Judge recommended summary judgment in Defendant's favor on Plaintiff's hostile work environment claim because she failed to present any evidence of an objectively and subjectively hostile work environment.  (ECF No. 121 at 11-12.)

Hostile work environment claims are actionable under the ADA. *Lanman v. Johnson Cty.*, 393 F.3d 1151, 1154-56 (10th Cir. 2004).  Because Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the ADA have parallel purposes and remedial structures, courts employ similar analyses when interpreting the two statutes. *Lanman*, 393 F.3d at 1155 (collecting cases).  To prevail on a hostile work environment claim, a plaintiff must show that the employer permitted a work environment "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that the victim was targeted for harassment because of" her disability. *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007) (citation omitted); *see Lanman*, 393 F.3d at 1155.  The conduct must be both

objectively *and* subjectively hostile. *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 651-52 (10th Cir. 2013) (citation omitted).

The Magistrate Judge found that there was not sufficient evidence to support this claim. The claim appears to be simply conclusory accusations suggesting that if an accommodation were not made, then the workplace necessarily had a hostile work environment. (ECF No. 1 at 6.) Plaintiff contends that the Magistrate Judge erred because he "did not consider all the circumstances or facts in his determination." (ECF No. 126 at 6.) Saliently, Plaintiff fails to cite a single fact the Magistrate Judge did not consider. In fact, Plaintiff states that "[i]t is difficult for the Plaintiff to compile a list of the myriad facts, events and circumstances that contributed to her experience of a hostile work environment, but she should be allowed to try." (ECF No. 126 at 7.) The Magistrate Judge did not preclude Plaintiff from compiling this list. It was Plaintiff's obligation to compile this list of facts in opposition to Defendant's motion for summary judgment. When, as here, "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden on a motion for summary judgment by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation and citation omitted). If the movant does so, the burden shifts to the nonmovant "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 671 (10th Cir. 1998) (citations omitted). By failing to set forth facts which demonstrate a hostile work environment, Plaintiff failed to carry her burden in opposition to Defendant's motion for summary judgment.

Plaintiff also contends that the "'severe and pervasive' standard must be viewed through an objective lens that takes into account the Plaintiff's anxiety disorder." (ECF No. 126 at 7.) Plaintiff fails to recognize the well-established standard that a hostile work environment claim is analyzed both objectively *and* subjectively. *Herrera*, 474 F.3d at 680. The Magistrate Judge correctly analyzed, with due account for Plaintiff's alleged mental disabilities, that summary judgment in Defendant's favor is appropriate due to the dearth of facts in support of her hostile work environment claim. Plaintiff simply failed to set forth facts which demonstrate an objectively hostile work environment.

Accordingly, summary judgment is appropriate for Defendant on Plaintiff's hostile work environment claim.

### C.   Retaliation

The Magistrate Judge recommended summary judgment in Defendant's favor on Plaintiff's retaliation claim. The Magistrate Judge determined that although Plaintiff established a *prima facie* case of retaliation, Defendant proffered a legitimate reason for Plaintiff's lay-off, and Plaintiff failed to present any competent evidence that the proffered reason was pretextual. (ECF No. 121 at 12-14.)

Plaintiff does not contest the Magistrate Judge's recitation of the relevant facts on this claim. (*See generally* ECF No. 126-27.) The undisputed facts show that Plaintiff sent an e-mail to her supervisor, Frank Moore, on July 21, 2009, requesting that LMC notify her immediately if it was served with a wage garnishment. (ECF No. 104 at 18, E-Mail from Valerie Schlecht to Frank Moore (July 21, 2009, 5:03 PM).) On or about August 31, 2009, Mr. Moore notified the Plaintiff that she was "on the long list for lay off (or words to that effect)," and he instructed her

14

to spend her time updating her resume and searching for a new job.  (ECF No. 90-2 at 11-12; ECF No. 90-3 at 11-12; ECF No. 90-4 at ¶¶ 11-14; ECF No. 113 at ¶ 15, Aff. of Valerie Schlecht.)   On September 10 and 14, 2009, Plaintiff requested that LMC (1) notify her within two business days of being served with legal documents concerning her; (2) give her an accounting and explanation before adjustments were made to her paycheck; and (3) contact her doctor before giving her negative news about her job.  (ECF No. 90-2 at 4, 8-9, 11; ECF No. 90-16; ECF No. 104 at 21-22.)  On June 7, 2010, Plaintiff received notice that she was going to be laid off and her last day of employment was June 21, 2010.  (ECF No. 90-4 at ¶ 20; ECF No. 90-12 at ¶¶ 13-14, Aff. of Pamela Taylor.)

Plaintiff contends that the Magistrate Judge "erred in considering her claim of [r]etaliation to rely on the temporal proximity of her initial request for an accommodation and her supervisor telling her she was 'on the long list (or words to that effect) for layoff.'"  (ECF No. 126 at 7-8.)  This objection is, at a minimum, odd.  The Magistrate Judge relied on this temporal proximity as the basis for concluding that Plaintiff had established a *prima facie* case of retaliation.  In response, Plaintiff argues that the Court should not rely on the temporal proximity between her request for an accommodation and her first notice of a possible lay-off.  This is because Plaintiff claims in her objection that she was retaliated against not because of her request for an accommodation for a disability, but because she sought to change LMC's procedures for dealing with garnishments.  In short, in her haste to correct the Magistrate Judge, Plaintiff undercuts her own claim—causing it to fail not at the third prong of the *McDonnell Douglas* analysis (pretext), but at the first prong (*prima facie* case).

In this case, as the Magistrate Judge correctly found, Defendant terminated Plaintiff's employment almost a year after her first request for an accommodation and nine months after her second request for accommodations.  This time period is too long and does not support an inference of a retaliatory motive.  *See Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1209 (10th Cir. 2007) (holding that a four-month time period between the protected activity and the adverse employment action does not support an inference of a retaliatory motive).  However, with regard to the notification of Plaintiff's being on the "long list for layoff" as a result of requesting an accommodation or seeking a change to Defendant's wage-garnishment process to comport with her disability, the one month difference could support a causal connection between the two.  The Magistrate Judge, however, correctly found that LMC notified Plaintiff of her being possibly subject to layoff as part of a company-wide reduction in force due to a lack of billable work. LMC acted against Plaintiff because her time and work were being charged primarily to overhead, which the company's budget could not continue to support.  (ECF No. 121 at 4-6.) Plaintiff does not object to these findings by the Magistrate Judge with competent evidence.  (*See generally* ECF No. 127 at 5-6 (demonstrating that Plaintiff failed to properly cite to the record for the majority of her objections).)  The Magistrate Judge correctly found that LMC's evidence is sufficient to establish a legitimate, nondiscriminatory reason for Plaintiff's discharge.

In her objection to the Magistrate Judge's Recommendation, Plaintiff argues that her efforts at obtaining "an informal accommodation" resulted in her receiving a downgrade in her performance evaluation which "led inevitably to her layoff."  (ECF No. 126 at 8-9.)  Putting aside the earlier difficulty with Plaintiff's position, and treating this objection as if intended to demonstrate pretext in LMC's business decision to lay-off Plaintiff, the record does not support

16

Plaintiff's contention.  The referenced evaluation (2009) identifies that she is a "basic contributor." (ECF No. 106 at 30, 2009 Performance Evaluation of Valerie Schlecht.)  Further, Plaintiff provides no competent evidence showing how this evaluation was used in LMC's determination to terminate her employment.  And the record indicates that "scores [which identify employees vulnerable to layoff] are calculated using an average of the last three years of performance ratings factored with the employee's full years of service."  (ECF No. 105 at 3.)  Thus, even under Plaintiff's version, factors other than her 2009 evaluation would have been considered in generating Plaintiff's score which allegedly determined her placement on the layoff list.

As noted earlier, Plaintiff's objection is hardly relevant to the facts found by the Magistrate Judge.  As determined by the Magistrate Judge, Plaintiff's lay-off was the product of economics – not performance evaluations.  The non-discriminatory basis for her lay-off was:

> ...because her time was charged primarily to overhead; the Inertial Guidance Laboratory's budget could not support the continued employment of the plaintiff and two other individuals whose time was primarily charged to overhead; there was no billable work for the plaintiff's and others to perform, and the plaintiff's skill set was so narrow that Mr. Moore could not use her for other work.

(ECF No. 121 at 14.)  Plaintiff supplied no competent evidence which supports her argument that a genuine material dispute exists as to whether Plaintiff's employment position, along with that of others, was at a minimum eliminated due to a lack of billable work for her position.  (ECF No. 90-4 at ¶¶ 12-13.)  Her conclusory statement that there was work available elsewhere (ECF No. 90-3 at 12), was insufficient to create a genuine material dispute because she did not rebut LMC's economic justification for terminating her position.  Nor did Plaintiff explain her qualifications for such "work" or establish that she asked LMC to give her such work.  *See*

17

*Stover v. Martinez*, 382 F.3d 1064, 1072 (10th Cir. 2004) (holding that a plaintiff's subjective

belief that she was qualified for the position to which her employer failed to hire is insufficient to

demonstrate an adverse employment action and an employee must actually apply for the position

at issue to establish a *prima facie* case of retaliation).  Plaintiff has not shown that Defendant's

proffered reasons for terminating her are pretextual.  Therefore, summary judgment is

appropriate on Plaintiff's retaliation claim.

### D.        Discriminatory Termination

The Magistrate Judge recommended summary judgment in Defendant's favor on

Plaintiff's discriminatory termination claim for the same reason as he recommended in LMC's

favor on Plaintiff's retaliation claim—assuming a *prima facie* case exists, Defendant proffered a

legitimate reason for Plaintiff's lay-off, and Plaintiff has failed to present any competent

evidence that the proffered reason is pretextual.  (ECF No. 121 at 14-15.)

In response to Defendant's motion for summary judgment on Claim Four of the

Plaintiff's Complaint, she did not file a response.  (*See generally* ECF No. 103.)  Plaintiff

effectively waived her disability-based reduction-in-force claim.  *See McNeil*, 2013 WL 6499796

at *8.  "Unsubstantiated allegations carry no probative weight in summary judgment

proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citations omitted).

Notwithstanding this, the Magistrate Judge did not recommend against Plaintiff on the basis of

abandonment.  Rather, his analysis tracked that of Plaintiff's retaliation claim.

To establish a *prima facie* case of discriminatory discharge under the ADA, the plaintiff

must show that (1) she was qualified, with or without a reasonable accommodation to perform

the essential functions; and (2) her employer terminated her employment under circumstances

18

giving rise to an inference that the action was based on her disability." *Selenke*, 248 F.3d at 1259 (citation omitted).  If the plaintiff establishes her *prima facie* case, the burden shifts to the employer to establish a legitimate, nondiscriminatory reason for the challenged action.  *Id*.  If the defendant meets this burden, the plaintiff may offer evidence to show that the defendant's proffered reason is pretext for discrimination.  *Id.*

The Magistrate Judge correctly concluded that regardless of whether Plaintiff can establish a *prima facie* case of discriminatory termination, LMC established a legitimate and non-discriminatory reason for its adverse action.  This obligated Plaintiff to come forward with evidence of pretext.  In a reduction in force ("RIF") case, a plaintiff can demonstrate pretext in three principal ways.  *See Pippin v. Burlington Res. Oil & Gas Co*., 440 F.3d 1186, 1193 (10th Cir. 2006) (case arose under the Age Discrimination in Employment Act, 29 U.S.C. § 621(a).). The plaintiff can present evidence that (1) her own termination does not accord with the RIF criteria, (2) the defendant's RIF criteria were deliberately falsified or manipulated in order to terminate her, or (3) that the RIF generally was pretextual.  *Id*. at 1193.

Here, Plaintiff did not present any competent evidence to show that LMC's reasons for identifying her position for layoff are mere pretext for discrimination.  Instead, she objects to the Magistrate Judge's Recommendation on the basis that her claim is a disparate impact claim to which burden shifting does not apply.  (ECF No. 126 at 9.)  Then, in her later motion to supplement her objections, Plaintiff confesses that she was wrong in this regard.  (ECF No. 127 at 3.)  Accordingly, summary judgment for Defendant is appropriate on Plaintiff's discriminatory termination claim.

## V.  CONCLUSION

Based on the foregoing and a *de novo* review, Plaintiff's objections to the Recommendation are OVERRULED and the Court AFFIRMS and ADOPTS the Magistrate Judge's Recommendation.  Accordingly, the Court ORDERS as follows:

1.  Plaintiff's Objections (ECF Nos. 126, 127) are OVERRULED;

2.  The Magistrate Judge's Recommendation (ECF No. 121) is AFFIRMED and ADOPTED;

3.  Defendant's Motion for Summary Judgment (ECF No. 90) is GRANTED;

4.  Plaintiff's Complaint (ECF No. 1) is DISMISSED with prejudice;

5.  Defendant is AWARDED its costs;  and

6.  The Clerk shall enter judgment as set forth herein in favor of Defendant and close this case.

DATED this 29th day of September, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge