**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 11-cv-03072-RM-BNB

VALERIE ANNE SCHLECHT,

   Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,

   Defendant.

---

**ORDER**

---

On September 29, 2014, the Court granted Defendant's ("LMC") motion for summary judgment (ECF No. 90) and overruled Plaintiff's objections (ECF Nos. 126, 127) to the Magistrate Judge's Recommendation (ECF No. 121) which the Court adopted. (ECF No. 137.) The Court directed the Clerk of the Court to enter judgment in Defendant's favor on each of Plaintiff's claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-213. This matter is before the Court on Plaintiff's motion for reconsideration filed on October 27, 2014. (ECF No. 140.)

For the reasons stated below, the Court DENIES Plaintiff's motion for reconsideration.

**I.     BACKGROUND**

Familiarity with the Court's underlying opinion and Order (ECF No. 137) is assumed. Plaintiff requests reconsideration and argues that the Court "misapprehended the facts or the controlling law and has patently misunderstood the Plaintiff." (ECF No. 140 at 3.)

## II.     LEGAL STANDARDS

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). The Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Hill v. United States*, Case No. 90-CV-01071-LTB, 2009 WL 2151183, at *1 (D. Colo. July 15, 2009). "A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered." *Lucero v. Medina*, Case No. 12-CV-01919-RM, 2013 WL 3010826, at *1 (D. Colo. June 17, 2013); *accord* Fed. R. Civ. P. 59(e). Because Plaintiff has filed the motion for reconsideration within twenty-eight days after the entry of judgment (*see* ECF Nos. 138, 140), the Court will construe Plaintiff's motion under Rule 59(e) of the Federal Rules of Civil Procedure. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within then ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Lucero*, 2013 WL 3010826 at *1 (citing S*ervants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Relief under Rule 59(e) also is appropriate when 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Id*. (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

**III.   ANALYSIS**

Plaintiff, in her motion for reconsideration, does not provide the Court with a citation to the exact facts it misapprehended, the position it misapprehended, or controlling law which it misapprehended. (*See generally* ECF No. 140.) Plaintiff has not identified an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.

Plaintiff filed new exhibits in support of her motion. (ECF Nos. 141-1, 141-2, 141-3, 141-4, 141-5, 141-6, 141-7, 141-8, 141-9.) None of the exhibits are properly authenticated and are thus inappropriate for the Court to consider. *See Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (citation omitted) (holding that hearsay evidence is not acceptable in opposing a summary judgment motion); *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995); *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). In addressing the summary judgment motion, the Court did not consider statements of fact, or rebuttals thereto, which were not material or were not supported by competent evidence. Fed. R. Civ. P. 56(c)(1)(A), 56(e)(2), 56(e)(3). Further, Plaintiff has not identified how these "new" exhibits were not available to her through the discovery process and thus, could not have been properly submitted to the Court previously.

Plaintiff argues that Defendant did not follow California Wage Garnishment Law or its own procedures for reasonable accommodations. (ECF No. 140 at 5.) Neither argument confronts an issue addressed in the Court's Order which provided reasons for granting summary judgment for Defendant on each of Plaintiff's claims. (*See* ECF No. 137.) For this reason, Plaintiff's argument is deficient.

Plaintiff argues that Defendant did not meet its "burden of production to support its 'undue hardship' affirmative defense." (ECF No. 140 at 6.) The Court found that "only two employees were responsible for processing approximately 3,373 court orders per week for 140,000 LMC employees in 2009, and they did not have a way to single out one employee and guarantee that they would provide her with additional notice above and beyond what is required by state law." (ECF No. 137 at 10-11.) The Court found that Plaintiff did not dispute this fact, with competent evidence, in opposition to Defendant's motion for summary judgment. (ECF No. 137 at 11.) Plaintiff, in her motion for reconsideration, states that Defendant did not explain why two employees could not have copied her on the emails or why payroll department could not have forwarded email to her when she requested information. (ECF No. 140.) Plaintiff did not make these arguments in opposition to Defendant's summary judgment motion or as an objection to the Magistrate Judge's Recommendation. (*See generally* ECF Nos. 103, 126, 127.) Plaintiff cannot now advance these arguments as they could have been raised in prior briefing. *See Servants of Paraclete*, 204 F.3d at 1012.

Plaintiff argues that "LMC misrepresented its layoff (Reduction in Force, 'RIF')" . . . and that "LMC did not follow this procedure with respect to Plaintiff's layoff." (ECF No. 140 at 6.) Plaintiff fails to show how Defendant did not follow its reduction in force procedure. (*See generally* ECF No. 140.) Undeveloped arguments raised in a perfunctory manner are waived. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) (holding that arguments inadequately briefed in an appellate brief are waived).

Without citation to the record, Plaintiff argues that she was "retaliated against for attempting to correct LMC's procedure with respect to California garnishments . . . [and that] [t]he disbelief and denial she faced is part of her hostile work environment claim as well." (ECF

No. 140 at 6.)  Again, such threadbare recitals of "facts" are insufficient to create a disputed fact which would present a genuine issue for trial.  *See Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992) (identifying that the "nonmovant [in response to a summary judgment motion] must do more than refer to allegations of counsel contained in a brief to withstand summary judgment") (citations omitted).

Plaintiff fails to demonstrate how oral argument will assist the Court in determining this matter.  Again, Plaintiff, even though proceeding *pro se*, is not entitled to a dispensation from the Rules of Civil Procedure which govern how facts and argument are to be marshalled in opposition to a summary judgment motion.  *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013); *see also Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).  Plaintiff concedes that she failed to present "the historical facts . . . in an acceptable form."  (ECF No. 144 at 4.)

IV.   CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) (ECF No. 140).

DATED this 25th day of November, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge